**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TYSONS CONSTRUCTION, LLC** | ) | |
| **4111 ROBERTS ROAD** | ) | |
| **FAIRFAX, VA 22032** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 13-1407** |
| | ) | |
| **BROUGHTON CONSTRUCTION COMPANY,** | ) | **JURY TRIAL DEMANDED** |
| **LLC,** | ) | |
| **1050 17TH STREET, SUITE 440, NW** | ) | |
| **WASHINGTON, DC 20036** | ) | |
| | ) | |
| **SERVE:** | ) | |
| **CASEY STRINGER, Registered Agent** | ) | |
| **1050 17TH STREET, SUITE 440, NW** | ) | |
| **WASHINGTON, DC 20036** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

_____

**COMPLAINT**

COMES NOW the Plaintiff, Tysons Construction, LLC, by counsel, and respectfully moves for judgment against Defendant Broughton Construction Company, LLC on the grounds and in the amount as set forth below:

1.      Jurisdiction is proper under 28 U.S.C. § 1332(a) pursuant to the existence of citizens of different States, and an amount in controversy greater than $75,000.

2.      Venue is proper in this Court because this is an action arising out of the failure to pay a paving contractor for work performed in the District of Columbia.

3.      Tysons Construction, LLC ("Tysons") is a Virginia corporation in good standing, and licensed to perform work in the District of Columbia.

4.      Broughton Construction Company, LLC ("Broughton") is a limited liability corporation organized in the District of Columbia.

5.      Broughton requested Tysons to step in on an emergency basis in July 2011 to perform paving work at the HD Woodson Senior High School site in Washington, D.C.

6.      Tysons accepted the request to perform the paving work.

7.      Tysons promptly performed all of the requested paving work.

8.      Tysons performed all of the requested paving work with excellent and unchallenged workmanship.

9.      Broughton has never claimed orally, nor in writing, that the requested paving work was not complete.

10.     All conditions precedent have been performed and have occurred.

11.     The total cost of the paving work performed by Tysons at the HD Woodson Senior High School site in Washington, D.C. was $218,470.

12.     Tysons sought payment in the total amount of $218,470 from Broughton.

13.     Broughton promised that it would pay Tysons for the paving work performed by Tysons at the HD Woodson Senior High School site in Washington, D.C.

14.     In August of 2011 Casey Stringer of Broughton gave Tysons a check in the amount of $150,623 as a partial payment.

15.     However, Broughton then stopped payment on that check.

16.     On November 23, 2011, Casey Stringer of Broughton provided a check to Tysons in the amount of $98,653 as a partial payment.

17.     Casey Stringer of Broughton orally advised Tysons that payment of the outstanding balance was forthcoming.

18.     However, the remaining payment was never made by Broughton to Tysons.

19.     To this day Broughton owes Tysons $119,817.

## COUNT I: BREACH OF CONTRACT

20.     Tysons incorporates paragraphs 1 to 19 as if fully set forth herein.

21.     Tysons and Broughton entered into an agreement in which Tysons agreed to perform specific paving work at the HD Woodson Senior High School site in Washington, D.C. and Broughton agreed to pay Tysons for that work.

22.     The total cost of the paving work performed by Tysons at the HD Woodson Senior High School site in Washington, D.C. was $218,470.

23.     Broughton never claimed orally nor in writing that cost of the paving work was not calculated as agreed upon by the parties.

24.     Broughton made a partial payment to Tysons in the amount of $98,653.

25.     Tysons made timely demands for the balance of payment.

26.     Broughton has failed to pay the balance of payment in a reasonable amount of time, nor at any time.

27.     Broughton is in breach of the contract for paving work with Tysons for work performed at the HD Woodson Senior High School site in Washington, D.C.

28.     Broughton owes Tysons in the amount of $119,817.

## COUNT II: UNJUST ENRICHMENT

29.     Tysons incorporates paragraphs 1 to 19 as if fully set forth herein.

30.     Broughton requested Tysons to perform specific paving work at the HD Woodson Senior High School site in Washington, D.C.

31.     Tysons performed specific paving work at the HD Woodson Senior High School site in Washington, D.C.

32.     Broughton observed Tysons perform specific paving work at the HD Woodson Senior High School site in Washington, D.C.

33.     Broughton received and consciously benefitted from Tysons performing specific paving work at the HD Woodson Senior High School site in Washington, D.C.

34.     The total cost of the paving work performed by Tysons at the HD Woodson Senior High School site in Washington, D.C. was $218,470.

35.     Broughton made a partial payment to Tysons in the amount of $98,653.

36.     Tysons made timely demands for the balance of payment.

37.     Broughton has failed to pay the balance of payment in a reasonable amount of time, nor at any time.

38.     Broughton has been unjustly enriched in the amount of $119,817.

WHEREFORE, Plaintiff Tysons Construction, LLC, requests judgment against the Defendant Broughton Construction Company, LLC in the amount of $119,817 (One Hundred Nineteen Thousand Eight Hundred Seventeen Dollars), to be determined by the evidence, the applicable law at the time of verdict, in all sums permissible in the District of Columbia, to include pre- judgment and post-judgment interest and costs.

## **JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by a jury on all issues in its complaint.

_____/s/_____
Mikhael D. Charnoff (DC Bar 476583)

Respectfully submitted,

PERRY CHARNOFF, PLLC


_____/s/_____

Mikhael D. Charnoff (DC Bar 476583)
Scott M. Perry (DC Bar 459841)
2300 Wilson Blvd., Suite 240
Arlington, VA 22201
Tel: 703-291-6650
Fax: 703-563-6692
mike@perrycharnoff.com
scott@perrycharnoff.com